IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 23-118 T
(Judge Eleni M. Roumel)

CHRISTOPHER MCNULTY. et al.,
Plaintiffs,

v.

THE UNITED STATES,
Defendant.

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to the Order issued on February 10, 2023, (Doc. No. 6), the parties hereby file this Joint Preliminary Status Report.[1]

**A.     JURISDICTION (RCFC App. A ¶ 4(a))**

Statement by Plaintiffs: Plaintiff states that the Court has jurisdiction over the complaint.

Statement by Defendant: The United States has not yet received any files from the IRS or the defense letter stating the Service's position on the complaint.  Accordingly, defendant's counsel is unable to formulate views as to jurisdiction at this point.

Defendant notes that according to the complaint, plaintiffs filed a refund claim for income tax on Form 843.  (Doc. No. 1-1 at 28.)  This form specifically states that it should not be used for claiming a refund of income tax. *Id.*  At least one court has found that filing an income tax refund claim on a Form 843 is improper and deprives the IRS of the opportunity to review the claim, which then deprives the court of jurisdiction as the taxpayer failed to exhaust administrative remedies.  *Fulham v. United States*, No. 20-cv-5871, 2021 U.S. Dist. LEXIS 228361, at *12 (N.D. Ill. Nov. 30, 2021).

If plaintiffs failed to file a valid refund claim, at least one of the payments for which the plaintiffs seek a refund is now past the period of limitations under I.R.C. 6511(a).  (*See, e.g.,* Compl. at ¶¶ 6, 7 (alleging that plaintiffs paid $9,466 in taxes on April 15, 2019 and that a

---

[1] The complaint was filed on January 27, 2023.  Pursuant to RCFC 12(a)(1)(A), defendant's response to the complaint is due on March 27, 2023.  Pursuant to RCFC Appendix A, para. 4, the Joint Preliminary Status Report would be due 49 days after March 27, 2023.

further $4,200 had been withheld as income tax).)  Additional payments made by plaintiffs would likewise face a statute of limitations problem in the future if a valid administrative claim is not filed.  (*See* Compl. ¶¶ 11, 13 (alleging additional tax payments in December 2021 and February 2022.)

B. **CONSOLIDATION (RCFC App. A ¶ 4(b))**

The parties are unaware of any case with which this case should be consolidated.

C. **BIFURCATION OF TRIAL (RCFC App. A ¶ 4(c))**

This is a tax refund suit and accordingly there are no "damages" per se at issue.

Nonetheless, the parties do not anticipate that a bifurcated trial on the questions of entitlement to a refund and the amount of any such refund will be necessary.

D. **DEFERRAL OF PROCEEDINGS (RCFC App. A ¶ 4(d))**

The parties do not anticipate seeking to defer the proceedings in the case.

E. **REMAND OR SUSPENSION (RCFC App. A ¶ 4(e))**

Neither party intends to seek suspension, and remand of a tax refund suit is inappropriate.

F. **ADDITIONAL PARTIES (RCFC App. A ¶ 4(f))**

The parties do not know of any other parties to be joined.

G. **DISPOSITIVE MOTIONS (RCFC App. A ¶ 4(g))**

Statement by Defendant: Because defendant's counsel has not received a defense letter or the files relevant to this action, the United States cannot determine at this juncture whether dispositive motions would be appropriate.

Statement by Plaintiffs:  Plaintiffs currently plan no dispositive motions.

H. **ISSUES (RCFC App. A ¶ 4(h))**

Statement by Defendant: Because defendant's counsel has not received the defense letter or any documents from the IRS, the United States is unable to determine what issues, other than the possible jurisdictional issue identified above, will require adjudication by the Court. .

Statement by Plaintiffs:  Plaintiffs believe the only substantive issue presented that poses difficulty in resolving this case is whether the *Fulham* case referred to by Defendant above in Paragraph A. bars their claim.  Plaintiffs believe the *Fulham* holding should not be adopted by the Court as it is an exaltation of form over substance that abnegates the informal claim doctrine

unnecessarily.  Any issue regarding the amount of the claim, if not barred, should be able to be resolved through settlement discussion.

### I.      SETTLEMENT (RCFC App. A ¶ 4(i))

Alternative dispute resolution is not contemplated by the parties at this time.

Statement by Defendant: Defendant will need to receive and review the IRS files before determining whether settlement is appropriate.  The proposed schedule below includes time for defendant to receive those files, review the merits of the complaint, and determine whether the case can be resolved by means other than litigation before answering the complaint.

Statement by Plaintiffs: Plaintiffs believe the case presents a straightforward issue that should be resolved in plaintiffs' favor and believe that the matter can and should be resolved by settlement.

### J.      TRIAL (RCFC App. A ¶ 4(j))

Absent settlement or resolution of any areas of disagreement by dispositive motion, the parties anticipate that a trial will be necessary. At this time, neither party requests an expedited trial schedule. After the close of discovery, and after having identified the key witnesses in the  case, the parties will file a joint status report stating the parties' views on what trial location is the most convenient location for witnesses and counsel.

### K.      ELECTRONIC CASE MANAGEMENT (RCFC App. A ¶ 4(k))

The parties are unaware of any special issues regarding electronic case management needs that need to be addressed to the Court at this time.

### L.      OTHER INFORMATION (RCFC App. A ¶ 4(l))

The parties know of no other information of which the Court should be aware.

### DISCOVERY PLAN (RCFC App. A ¶ 5)

Proposed Schedule: At this time, the parties do not anticipate expert discovery. Should that change, at the close of fact discovery, the parties will file a Joint Status Report proposing the parties' views on amending the discovery schedule. The parties propose the following schedule :

Defendant's Answer or Motion to Dismiss: May 30, 2023.

If defendant answers the complaint:

Initial Disclosures: June 30, 2023

Amendment of Pleadings: July 31, 2023

Close of Fact Discovery: November 29, 2023

JSR (with proposed additional schedule): December 13, 2023.

Plaintiff has authorized defendant's counsel to present this document as a joint filing and to add a typewritten representation of his signature to the electronically filed version.

2 March 2023

Respectfully submitted,

| | |
|---|---|
| s/ Christopher McNulty<br>3033 N. Dickerson St.<br>Arlington, VA 22207 | STEFAN R. WOLFE<br>Attorney of Record<br>U.S. Department of Justice, Tax Division<br>Court of Federal Claims Section<br>Post Office Box 26 Ben Franklin Station<br>Washington, D.C. 20044<br>Voice: (202) 598-7850<br>Fax: (202) 514-9440<br>Email: stefan.r.wolfe@usdoj.gov<br><br>DAVID A. HUBBERT<br>Deputy Assistant Attorney General DAVID I. PINCUS<br>Chief, Court of Federal Claims Section<br>G. ROBSON STEWART<br>Assistant Chief, Court of Federal Claims Section<br><br>s/G. Robson Stewart<br>Of Counsel<br><br>Attorneys for Defendant |

s/ Stefan R. Wolfe